UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT LEE BOUDREAUX, ET AL.**          **CIVIL ACTION NO.  18-cv-956**

**VERSUS**          **JUDGE DONALD E. WALTER**

**AXIALL CORP., ET AL**          **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is an Ex Parte Motion for Discovery to be Allowed Against Third Party Defendants filed by Axiall Corp, Axiall LLC, and Eagle US 2 LLC. ("Eagle/Axiall") who are the third party plaintiffs.  Doc. 217.  The motion is opposed by Boeing Aircraft Holding Company F/K/A Boeing Petroleum Services, Inc., ("Boeing") and Gilbane Building Co., Gilbane Inc., and Parsons Government Services, Inc. ("Parsons-Gilbane)"), hereafter collectively referred to as "Third Party Defendants," and Eagle/Axiall has replied.  Docs. 218, 219.  Parsons-Gilbane and Boeing each filed a Motion for Protective Order. Docs. 220 and 221. Eagle/Axiall opposed both Motions and both movants replied. Docs. 222, 226, 227.

Having considered the arguments of the parties, the court **GRANTS** plaintiffs' motion to conduct discovery against Third Party Defendants and **DENIES** both requests for protective orders.

I.
BACKGROUND

Robert and Shirley Boudreaux filed suit in state court on May 21, 2014, against Axiall Corporation, Georgia Gulf Corporation, Georgia Gulf Lake Charles, LLC, and Sun, LLC. Doc. 1,

att. 1, p. 1. This matter was previously removed by defendants to this court on July 9, 2014, but was ultimately remanded. *Boudreaux v. Axiall Corp.*, 2016 WL 5720616 (W.D. La. 2016). Eagle was named as a primary defendant via amended complaint prior to remand. Doc. 1, att. 1, pp. 23-32. On March 28, 2018, while the matter remained in state court, Eagle was granted leave to file a supplemental answer that including a third-party demand. Doc. 22, att. 1, p. 6. That third party demand named Parsons-Gilbane and Third-Party Insurance Companies. Doc. 1, att. 2. p. 1-7. On July 20, 2018, Parsons-Gilbane removed the action once again claiming federal question jurisdiction, namely 28 U.S.C. § 1442(a)(1). Doc. 1. Boeing was brought into the litigation by a Second Amended Third Party Complaint on March 20, 2020. Doc. 103. Since this time, Third Party Defendants have filed several Rule 12 motions, which remain pending. Docs. 110, 111, 124, 126, 164, 176. As of now none of the Third Party Defendants has answered any claim.

Trial was initially set on both the principal action and the third party demands for January 24, 2022. Doc. 188. Following a Motion to Sever [doc. 192] filed by Boeing and on July 23, 2021, the court bifurcated the main demand from the third-party demand for two separate trials. Doc. 195. No scheduling order for trial on the third-party has been issued. In the meantime, Eagle/Axiall propounded discovery on Parsons-Gilbane and Boeing. Doc. 217, att. 1. Both Boeing and Parsons-Gilbane refused to comply claiming discovery was premature as no Rule 26(f) conference had yet occurred and that their respective Motions to Dismiss were still pending. Doc. 217, att. 2. Third Party Defendants' positions led to the filing of the discovery motions currently before us.

## II.
### ANALYSIS

Ordinarily, "[a] party may not seek discovery from any source before the parties have conferred as required by [FRCP] Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The role of Rule 26 and its formal discovery restriction is to ultimately reach agreements that will reduce the costs of

litigation while forcing the parties to pay attention to what they ultimately need to prove or disprove at an early stage. Moze Cowper, John Rosenthal, *Not Your Mother's Rule 26(f) Conference Anymore*, 8 Sedona Conf. J. 261, 264 (2007). But, as is usually the case, there can be an exception to that general rule, i.e. when "authorized by ... court order." Fed.R.Civ.P. 26(d)(1).

Although the Fifth Circuit has not established a standard for allowing expedited discovery, many courts, including courts in this district, grant discovery before a Rule 26(f) conference where "good cause" exists. *See, e.g., Wilson v. Samson Contour Energy E & P, LLC*, 2014 WL 2949457, at *2 (W.D. La 2014); *BKGTH Prods., LLC v. Does*, 2013 WL 5507297, at *6 (E.D. La. 2013). "[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'" *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016), citing *BKGTH Prods.,* 2013 WL 5507297 at *5. The party seeking expedited discovery has the burden to establish good cause. *BKGTH Prods., LLC*, 2013 WL 5507297, at *5.

Eagle/Axiall contends it is "entitled to seek and provide evidence of third-party fault in the principal demand irrespective of whether the third-party defendants are ultimately successful in asserting defenses to the third-party complaint allegations." Doc. 217, p. 8. We agree. The need for the discovery by Eagle/Axiall significantly outweighs any potential prejudice to Parsons-Gilbane and Boeing. Indeed, even in the complete absence of the Third-Party Defendants from the suit, the discovery sought by Axiall/Eagle would have been permissible as part of Axiall/Eagle's defense in the principal action. As Eagle/Axiall also correctly points out and considering the Third Party Defendants are parties, several of the requested disclosures should have been made already pursuant to Rule 26(a)(1) disclosure requirements.

Additionally Parsons-Gilbane and Boeing have been parties to this action since 2018 and 2020, respectively. Doc. 1, att. 2.; Doc. 103. The nature of the main demand and third-party

process have certainly changed the natural course of this litigation. Strict adherence to the Rule 26(d)(1) proscription here would not advance the purpose of the rule and it certainly is not designed to preclude the ability of Eagle/Axiall to defend itself on the merits of the main demand.

For the same reason we grant the motion of Eagle/Axiall, the requests of Third Party Defendants to delay discovery pending the court's ruling on the pending motions made in their motions for protective orders are denied. Those motions have no bearing on Eagle/Axiall's need for this discovery. These requests are found in the Motions for Protective Order. Docs. 220, 221. Their motions also suggest improper issuance of subpoenas under Rule 45. The return date of the subpoenas has passed rendering the issue moot. We do note, however, there is merit to Third Party Defendants' complaints but also believe that our conclusion with respect to Eagle/Axiall's request for discovery will obviate its need to reissue. Should a similar subpoena be issued, however, Third Party Defendants are free to seek relief and we will consider that request expeditiously.

### III.
#### CONCLUSION

For the reasons given above, the Ex Parte Motion to Allow Discovery against Third Party Defendants by Eagle US 2 LLC, Axiall Corporation, and Axiall, LLC [Doc. 217] is **GRANTED**. The Motions for Protective Order filed by Gilbane Building Co, Gilbane Inc, Parson Government Services Inc., and Boeing Aircraft Holding Company F/K/A Boeing Petroleum Services, Inc., [Docs. 220, 221] are **DENIED.**

THUS DONE AND SIGNED in Chambers this 28th day of September, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE