UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT LEE BOUDREAUX, ET AL.** : **CIVIL ACTION NO. 2:18-CV-00956**

**VERSUS** : **JUDGE DONALD E. WALTER**

**AXIALL CORP., ET AL.** : **MAGISTRATE JUDGE LEBLANC**

### REPORT AND RECOMMENDATION

Before the court are Non-Party Yellow Rock, LLC's Motion to Unseal Documents in Public Record ("Motion to Unseal") and Non-Party Yellow Rock, LLC's Motion to Intervene Pursuant to Rule 24 ("Motion to Intervene"). Docs. 356, 360. The motions are opposed by defendant Westlake US 2 LLC (formerly known as "Eagle US 2 LLC"). Docs. 358, 364. The replies have been filed [docs. 359, 365], making these motions ripe for resolution. The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Intervene be **DENIED** and the Motion to Unseal be **STRICKEN**.

### I.
#### BACKGROUND

This case arises from alleged contamination of plaintiffs' property resulting from oil and gas operations. Doc. 1, att. 1, ¶ 4. The matter was initially filed in the 14th Judicial District Court, Calcasieu Parish, Louisiana, in May 2014 [doc. 1, att. 1, p. 1] but was removed to this court in July

2018.[1] Doc. 1. The case was closed by order of this court in June 2022 because all claims were settled at that point. Doc. 350.

In March 2024, non-party Yellow Rock, LLC filed the Motion to Unseal [doc. 356] currently at issue. Westlake US 2 LLC (formerly known as "Eagle US 2 LLC") filed an opposition to the motion claiming Yellow Rock must intervene before filing its Motion to Unseal and failure to do so is fatal to the motion. Doc. 358, pp. 2–3. Westlake further argues Yellow Rock lacks standing in this action because intervention in a closed case is not allowed. *Id.* at pp. 3–5. Additionally, Westlake notes Yellow Rock can obtain the documents it seeks through discovery in its state-court litigation, which is currently pending. *Id.* at pp. 5–7. On reply, Yellow Rock claims it is not required to intervene in this closed case "for the limited purpose of seeking the unsealing of records." Doc. 359, pp. 1, 2–5. Yellow Rock, however, filed its Motion to Intervene concurrently with its reply. *Id.* at p. 5; doc. 360. Yellow Rock further claims it has standing because of the "'fundamental' right of the public to enjoy 'access to judicial proceedings.'" Doc. 359, pp. 5–8.

In April 2024, Yellow Rock filed the instant Motion to Intervene, seeking permissive intervention under Federal Rule of Civil Procedure 24(b). Doc. 360. Yellow Rock claims it has Article III standing to intervene in this closed case because it seeks to "vindicate the public's right to access court documents." Doc. 360, att. 1, pp. 1, 4–5. Yellow Rock informs the court it filed its motions because Westlake would not voluntarily produce "documents regarding Westlake's acquisition of its interests in the Sulphur Mines Salt Dome" during discovery related to a state-court case, and "key documents" were filed under seal in this case.[2] *Id.* at pp. 2–3. Yellow Rock

---

[1] The case was initially removed to this court under a different case number in July 2014 [doc. 17, att. 2, pp. 93–108] but was later remanded for lack of diversity jurisdiction [*id.* at pp. 135–50].
[2] Based on the information before the court, Yellow Rock's state-court case involves Westlake but is not related to the alleged contamination of plaintiffs' property at issue in this case. It instead involves deprivation of Yellow Rock's

insists it satisfies the requirements of permissive intervention. *Id.* at pp. 6–10.  In its opposition to the intervention, Westlake claims Yellow Rock lacks standing to intervene and is asking this court "to inappropriately involve itself" in a state court discovery dispute. Doc. 364, pp. 2–3.  Westlake also asserts Yellow Rock failed to demonstrate grounds for permissive intervention. *Id.* at pp. 4–9.  Westlake asks the court to deny the Motion to Intervene and points out Yellow Rock can find the information it seeks without intervening in this case. *Id.* at pp. 9–10.

On reply, Yellow Rock again invokes the public's right to obtain judicial records and claims "neighboring landowners, mineral rightsholders, and other members of the public" have interests in the disclosure of the sealed documents because of "ongoing instability and the Declaration of Emergency associated with the Sulphur Mines Salt Dome." Doc. 365, pp. 1–2. Yellow Rock again insists it did not need to file a motion to intervene to be able to seek the unsealing of documents in the record of this case. *Id.* at p. 2.  It also claims the "fact that certain public records remain shielded from public access" is, on its own, a sufficient basis for Yellow Rock to assert standing. *Id.* at pp. 3–5.  Yellow Rock argues it satisfies the criteria for permissive intervention. *Id.* at pp. 5–10.

## II.
### LAW AND ANALYSIS

A formal motion to intervene should be filed pursuant to Federal Rule of Civil Procedure 24(c) before a non-party seeks to challenge protective orders and unseal records. *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979).  *See United States ex rel Hernandez v. Team Finance, L.L.C. (Hernandez I)*, 80 F.4th 571, 577 (5th Cir. 2023) (stating intervention is the "procedurally correct course" for the public to challenge such restrictions) (citing *In re Beef Indus.*

---

"opportunity to drill and operate new oil wells or to realize an economic return on its mineral interests." Doc. 360, att. 1, p. 3.

*Antitrust Litig.*, 589 F.2d at 789)). Thus, contrary to Yellow Rock's assertions, it is necessary for Yellow Rock to be allowed to intervene for the court to properly consider the Motion to Unseal. Accordingly, the court will address the Motion to Intervene first.

### A. Motion to Intervene

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention. In a closed case, "'an intervenor would need standing to intervene'" because there is no live controversy. *Hernandez I*, 80 F.4th at 576 (quoting *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006)).

### 1. Standing

The Fifth Circuit has previously found a movant seeking to intervene to unseal records had standing because he sought "to vindicate the public's right to access court documents." *Hernandez I*, 80 F.4th at 576. But a movant who seeks to intervene "solely for their own private benefit in separate litigation" lacks standing. *Id.* (citing *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994)). Yellow Rock claims it seeks to vindicate the public right to access judicial records and thus has standing. Doc. 360, att. 1, pp. 4, 9. It relies on *United States ex rel Hernandez v. Team Finance, L.L.C.* (*Hernandez I*) for the proposition that simply invoking "the public's right to access court documents," without further explanation, is sufficient on its own to confer standing. Doc. 359, p. 9 (citing *Hernandez I*, 80 F.4th 571, 577 (5th Cir. 2023)). *Also id.* at pp. 2, 5, 7; doc. 360, att. 1, *passim*; doc. 365, pp. 2–4.

In *Hernandez I*, the proposed intervenor claimed, like Yellow Rock, that he sought to vindicate the public's right of access to court documents. 80 F.4th at 576. He also made clear that the information he sought to unseal was "highly likely to be of public interest" because it related to the cost of medical care in the United States, which is a topic "of high public interest." *Id.* at pp. 576–77. The proposed intervenor also alleged an individualized interest in the information, which

-4-

he sought to study and publicize in his academic work. *Id.* at 577.  He went further to claim he could get that information nowhere else. *Id.*  The Fifth Circuit found deprivation of those interests was an injury fairly traceable to the case and could be remedied through the unsealing of appropriate records. *Id.*  Thus, the proposed intervenor in *Hernandez I* had standing.  The same is not true for Yellow Rock.

Yellow Rock insists the public at large and specifically landowners, mineral rightsholders, and citizens near the Sulphur Mines Salt Dome all have "an obvious interest" in the disclosure of the sealed documents. *Id.* at p. 9.  This "obvious interest" is the one Yellow Rock allegedly seeks to vindicate.  However, the court disagrees with the assumption that the nature of such an interest is obvious.

Unlike the proposed intervenor in *Hernandez I*, who made it clear that the information sought to be unsealed pursuant to the public's right of access was related to the cost of medical care in the United States, Yellow Rock does not clarify for the court what interest the landowners, mineral rightsholders, citizens, and the public at large have in confidential business documents.[3]  It appears to the court Yellow Rock's assertion that it seeks to "vindicate the public's right to access court documents," without any further explanation of what "obvious interest" the public has in the records, is a façade.  Yellow Rock's continuous repetition of the "vindicate the public's right to access court documents" language adopted by the Fifth Circuit seems to be an attempt at something similar to the "threadbare recitals of the elements of a cause of action,"[4] which are not

---

[3] Based on the publicly available information in the record of this case, the sealed documents appear to be confidential business documents. *See* doc. 132, att. 1, p. 14, fn.22 (referring to two sealed documents as "an Agreement and Plan of Merger" [filed under seal at doc. 140] and "a Separation Agreement" [filed under seal at doc. 140, att. 1]). *See also* doc. 360, att. 1, p. 2 (indicating Yellow Rock seeks documents "regarding Westlake's acquisition of its interests in the Sulphur Mines Salt Dome").

[4] *See Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162–63 (5th Cir. 2021).

accepted as true when deciding a motion to dismiss under Rule 12(b)(6), *i.e.*, using acceptable language to hide a claim's lack of substance.

Rather than defending the public's right of access, it seems clear to the court Yellow Rock's true goal is to get documents to assist in its own litigation against Westlake. Yellow Rock informs the court multiple times that it "attempted to seek these documents via normal discovery channels," but Westlake resisted providing any documents. Doc. 360, att. 1, pp. 9–10. *See also id.* at pp. 2–3, 7–8; doc. 365, pp. 7, 9. However, the information provided by Yellow Rock makes clear that Westlake's alleged noncompliance with discovery rules was met, not with a motion to compel in the state-court case, but instead with the Motion to Unseal [doc. 356] filed in this case. Because Yellow Rock's true reason for intervening is solely for its private benefit in a separate litigation, Yellow Rock does not have standing to intervene. *Hernandez I*, 80 F.4th at 576 (citing *Deus*, 15 F.3d at 526).

    2. *Permissive Intervention*

Should the district judge find Yellow Rock has standing to intervene, the court alternatively recommends that permissive intervention be denied because Yellow Rock's motion was untimely and its interests can be protected through motion practice in state court. Rule 24(b)(1) instructs that "the court may permit anyone to intervene who" files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention under Rule 24(b) is "wholly discretionary" and "may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

  *a. Timeliness*—Stallworth *factors*

Westlake and Yellow Rock disagree as to whether the motion is timely. Determining the timeliness of a motion to intervene entails consideration of four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)).

  *(i) Length of time.* Yellow Rock claims it did not know about the case's existence until "late 2023." Doc. 360, att. 1, p. 7. Westlake claims the "length of time" factor should start from the settlement of the main demand [doc. 348] or the dismissal of the main demand [doc. 352], which occurred 23 months and 21 months, respectively, before the Motion to Intervene was filed. Doc. 364, p. 6. The Fifth Circuit has made clear this factor "is measured from the moment that the prospective intervenor knew that his interests would 'no longer be protected." *Hernandez I*, 80 F.4th at 578 (citing *Stallworth*, 558 F.2d at 264). This measurement is meant to prevent premature interventions. *See id.* The court finds Yellow Rock could not have known or been expected to know its interests would no longer be protected before it even knew this litigation existed in "late 2023." Thus, this factor weighs in favor of timeliness.

  *(ii) Prejudice to the parties.* The court agrees with Westlake that the second factor, prejudice to the existing parties, weighs against timeliness. "When parties settle a case, they do not expect to get pulled back into that same case many months later after all business has been concluded, the parties have made their peace, and their respective trial teams have disbanded and

moved on. Familiarity with a case wanes over time." *United States ex rel. Hernandez v. Team Finance, L.L.C. (Hernandez II)*, No. 2:16-CV-00432, 2024 WL 1149191, at *7 (E.D. Tex. Mar. 15, 2024). If Yellow Rock is allowed to intervene, the parties will need to prepare briefs and participate in a hearing on the Motion to Unseal. The parties will, thus, be "pulled back into" this case about 21 months after the main demand was dismissed with prejudice and about 16 months after any remaining claims were dismissed with prejudice [doc. 355]. The sole reason the parties would be required to expend more time and money on this closed case would be if Yellow Rock's intervention is allowed.

   *(iii)* *Prejudice to the intervenor.* Yellow Rock will suffer no real prejudice if it is not allowed to intervene. Yellow Rock can obtain the requested documents through motion practice in the state court where its lawsuit against Westlake is currently pending. Likewise, any member of the public who wishes to obtain Westlake's business records to aid her case against Westlake regarding the Sulphur Mines Salt Dome can do so through the discovery process. This factor, therefore, weighs against timeliness.

   *(iv)* *Unusual circumstances.* Neither Yellow Rock nor Westlake has provided any unusual circumstances militating either for or against a determination that the application is timely. Doc. 360, att. 1, p. 10; doc. 365, p. 10. Thus, this factor is neutral.

  The *Stallworth* factors weigh against a finding of timeliness. Accordingly, the Motion to Intervene is untimely. In case the district judge disagrees with this finding, the court will examine other factors relevant to the Rule 24 analysis.

  b. *Other factors*

  The Fifth Circuit "has accepted that '[t]he "claim or defense" portion of Rule 24(b) ... [is to be] construed liberally.'" *Hernandez I*, 80 F.4th at 577 (brackets and ellipsis in original) (quoting

*Newby*, 443 F.3d at 422).  The court has "permitted intervention by nonparties who seek only to challenge record-related restrictions." *Id.* at 578 (citing *In re Beef Indus. Antitrust Litig.*, 589 F.2d at 789).  Yellow Rock's purpose for intervention is to seek the unsealing of records, so it satisfies this requirement.

When a proposed intervenor seeks to unseal records, the Fifth Circuit has found their claim "shares a common question of law with the district court's decisions related to sealing records." *Id.*  Therefore, Yellow Rock also meets the "common question" requirement for permissive intervention.

However, "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus*, 15 F.3d at 526 (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.), *cert. denied*, 400 U.S. 878, 91 S. Ct. 118 (1970)).  Though the Fifth Circuit has limited the holding in *Deus* to intervention of right, the court finds the quoted proposition persuasive in this case. *See Newby*, 443 F.3d at 422 (stating the holding in *Deus* is limited to intervention of right).  The court finds Yellow Rock's alleged injury could be remedied through an order compelling more complete discovery responses in its state-court lawsuit.  Additionally, as discussed in the timeliness analysis, allowing the intervention would prejudice the original parties to this lawsuit.  Because Yellow Rock's interests can be protected through some other means and allowing intervention would prejudice the parties, intervention is not appropriate here.

### B.  Motion to Unseal

Because the Motion to Intervene should be denied, the Motion to Unseal is not properly before the court.  *See Hernandez I*, 80 F.4th at 577 (stating intervention is the "procedurally correct course" for the public to pursue vacating protective orders and/or unsealing the record) (citing *In*

*re Beef Indus. Antitrust Litig.*, 589 F.2d at 789)). Accordingly, the Motion to Unseal [doc. 356] should be stricken from the record.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that Non-Party Yellow Rock, LLC's Motion to Intervene Pursuant to Rule 24 [doc. 360] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Non-Party Yellow Rock, LLC's Motion to Unseal Documents in Public Record [doc. 356] be **STRICKEN** from the record as improvidently filed.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of July, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE